■ ALLISON MEYERS et al., Appellants, v CITY OF NEW YORK et al., Respondents. [626 NYS2d 545] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Cusick, J.), entered December 12, 1991, which, upon granting the motion of the defendant New York City Transit Authority pursuant to CPLR 4401 for judgment during trial dismissing the complaint insofar as it is asserted against it for failure to establish a prima facie case and upon a jury verdict in favor of the defendant City of New York, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

A bus operator's duty of care to a boarding passenger is to provide a reasonably safe entrance onto the bus which does not invite or dictate that the passenger board the bus via a treacherous path *(see, Blye v Manhattan & Bronx Surface Tr. Operating Auth.,* 124 AD2d 106, 107).

Viewing the evidence in the light most favorable to the plaintiffs, the bus operator in this case provided the injured

plaintiff with a reasonably safe entrance onto the bus. The record reveals that the entrance to the bus did not lead directly to the hole in which the injured plaintiff fell. The hole was near the curb. However, the bus operator did not pull the bus over to the curb, but stopped it in a traffic lane several feet from the hole. Furthermore, the injured plaintiff was watching the bus and not looking down to see where she was stepping. Hence, contrary to the plaintiffs' contention, the trial court correctly dismissed the complaint insofar as it is against the defendant New York City Transit Authority at the close of the plaintiffs' case.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.