■ Miriam Francias, Respondent, v City of New York, Defendant, and Manhattan and Bronx Surface Transit Operating Authority et al., Appellants. [634 NYS2d 483] —Order of the Supreme Court, New York County (Salvador Collazo, J.), entered August 10, 1994, which denied defendants-appellants' motion for summary judgment, unanimously reversed, on the law, and the motion granted, without costs or disbursements.

In boarding a bus, instead of taking the safe direct route to the bus which stopped at the bus shelter, plaintiff, walking north, lost her footing on a broken piece of curb 17 to 19 feet south of the southern side of the shelter. Plaintiff was at the back door of the bus when it stopped, and was walking toward the front door when she fell between the back and front doors of the bus.

"A reading of the few cases dealing specifically with boarding passengers supports the conclusion that, as with its duty to provide safe exits for alighting passengers, the transit company is under a duty to provide a prospective passenger with a reasonably safe, direct entrance onto the vehicle, clear of any dangerous obstruction or defect which would impede that entrance. Stated differently, imposing liability requires a finding that the placement of the bus dictates that the passenger, in order to board the bus, must negotiate a dangerous or defective path." (*Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 111-112, *affd* 72 NY2d 888.)

Here, the plaintiff conceded she was *not* "in" the bus stop but, rather, walking toward it when she fell. Further, the record indicates that there was no apparent defect in the path from the bus shelter to the position where the front of the bus stopped, and there was an unobstructed path to the bus even from 20 feet south of the shelter. Finally, whether the bus was close to the curb or several feet away from the curb, plaintiff was not compelled to walk *along* the curb.

As noted by the Court of Appeals in its brief three sentence affirmance in *Blye v Manhattan & Bronx (supra,* at 890) "In view of the undisputed evidence that a direct safe route to the bus was available to plaintiff, the bus company may not be held liable for plaintiff's injuries [citation omitted]". Likewise, in the instant case, the record is clear that plaintiff did not take the direct, safe route upon the sidewalk to the bus, but opted for the treacherous path upon the curb. Accordingly, the bus company may not be held liable for the ensuing injuries. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.