(December 15, 1998)

■ ALICE GROSS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [681 NYS2d 513] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered February 6, 1998, which granted the motion of defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (collectively the transit defendants) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the complaint reinstated.

This action arises out of injuries suffered by plaintiff on the afternoon of May 21, 1995, as a result of having been struck by a bicycle operated by defendant Brian Ford as she stepped into the street at Seventh Avenue, between 43rd and 44th Streets, to board a bus.

Plaintiff brought this action against, *inter alia*, the transit defendants, alleging that her injuries were the result of the negligence of the driver of the bus, in that the bus was improperly stopped a full traffic lane away from the curb, thereby requiring her to cross this area in order to board.

The transit defendants moved for summary judgment, as-

serting that there was no material question of fact that the transit defendants were not negligent in operating the bus or, even if they were, that their actions were not a proximate cause of plaintiff's injuries.

The evidence presented on the motion showed that plaintiff had been briefly waiting for the bus when it arrived and came to a stop one car lane away from the curb. There were no parked cars in the lane between the curb and the bus. Plaintiff did not see the cyclist, who gave no warning, and the bicycle struck her in the back and in the left arm, while both of her feet were on the ground and before she started to step onto the bus. She fell flat on the ground facing the bus, which did not remain at the scene.

Supreme Court, finding that the transit defendants were in no way responsible for the accident, granted their motion for summary judgment. We reverse.

To establish a *prima facie* case against the transit defendants, plaintiff must establish (1) the existence of a duty on their part to plaintiff; (2) a breach of that duty; and (3) that such breach was a substantial cause of the resulting injury (*see*, *Merino v New York City Tr. Auth.*, 218 AD2d 451, 457, *affd* 89 NY2d 824).

The duty owed by the transit defendants to plaintiff, a boarding passenger, has been described as "a reasonably safe, direct entrance onto the vehicle, clear of any dangerous obstruction or defect which would impede that entrance. Stated differently, imposing liability requires a finding that the placement of the bus dictates that the passenger, in order to board the bus, must negotiate a dangerous or defective path." (*Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 111-112, *affd* 72 NY2d 888.)

Generally, the question of whether defendants breached this duty is a question of fact (*see*, *Gordon v Muchnick*, 180 AD2d 715). This case presents no exception to that general rule. It is for a jury to decide whether requiring prospective passengers to navigate a full traffic lane, in the busy Times Square area, in order to board the bus presented a foreseeable risk of injury (*see*, *Ausderan v City of New York*, 219 AD2d 562; *Hickey v Manhattan & Bronx Surface Tr. Operating Auth.*, 163 AD2d 262). We reject the argument of the transit defendants that the evidence demonstrates as a matter of law that the bus driver acted reasonably to provide plaintiff with a "clear, direct and safe path" that plaintiff failed to take advantage of by not waiting until the cyclist had passed before stepping off the curb (*cf.*, *Francias v City of New York*, 222 AD2d 215). Whether

the path afforded to plaintiff under the circumstances presented in this matter was reasonably safe is a question for the jury and is certainly not resolved by the record before us (*see, Kimbrough v City of New York*, 207 AD2d 747; *cf., Engram v Manhattan & Bronx Surface Tr. Operating Auth.*, 190 AD2d 536).

In addition, it appears that, by stopping the bus one lane away from the curb, the bus driver violated Department of Transportation Traffic Rules and Regulations (34 RCNY) § 4-10 (c) (1).* Moreover, there is a question of fact as to whether the side of the bus on which the door was open was "available to moving traffic" within the meaning of Vehicle and Traffic Law § 1214, which prohibits the opening of a door of a motor vehicle on that side. Such violations also constitute evidence of negligence (*see, Tepoz v Sosa*, 241 AD2d 449; *Ferguson v Gassman*, 229 AD2d 464).

Finally, we reject the argument of the transit defendants that, regardless of whether the placement of the bus was negligent, it cannot be considered a proximate cause of plaintiff's injuries in that her own behavior constituted an intervening cause, since, according to defendants, she chose to step into the roadway without taking the precaution of checking for oncoming traffic and waiting until the cyclist passed.

In order to establish that the act of the plaintiff or of a third party was an intervening cause that completely obviates a finding that a defendant's negligence proximately caused the plaintiff's injury, there must be a showing that the intervening act was " 'of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant' (*Kush v City of Buffalo* [59 NY2d 26, 33]). Accordingly, 'an intervening act which is "not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct * * * may well be a superseding act which breaks the causal nexus" ' (*Lynch v Bay Ridge Obstetrical & Gynecological Assocs.* [72 NY2d 632, 636], quoting *Derdiarian v Felix Contr. Corp.* [59 NY2d 308, 315])." (*Bikowicz v Sterling Drug*, 161 AD2d 982, 984; *see also, Boltax v Joy Day Camp*, 67 NY2d 617; *Sheehan v City of New York*, 40 NY2d 496, 503-504; *Ferguson v Gassman, supra*, 229 AD2d, at 465; *Billsborrow v Dow Chem.*, 177 AD2d 7, 16.)

Clearly, there is no basis for dismissal as a matter of law on

---

* Section 4-10 (c) (1) provides that "[w]hile engaging in the picking up or discharging of passengers, buses must be within twelve inches of the curb and parallel thereto, except where a bus stop is physically obstructed."

this ground in this matter. There has been no showing as to what precautions plaintiff took, or failed to take, upon approaching the bus, and certainly no showing that she failed to take such precautions that were so obviously necessitated by the situation that her failure to take them was an extraordinary and unforeseeable act of recklessness. Nor, assuming that she did fail to take such precautions, has there been any showing that the accident could have been avoided had she behaved differently. Concur—Lerner, P. J., Milonas, Ellerin, Rubin and Williams, JJ.