■ GARY SZCZEPANIAK, Respondent, v STERLING DOUBLEDAY ENTERPRISES, INC., Doing Business as DOUBLEDAY SPORTS, INC., Defendant, and SHAMROCK STAGECOACH, INC., et al., Appellants. (And a Third-Party Action.) [700 NYS2d 750] —In an action

to recover damages for personal injuries, the defendants Shamrock Stagecoach, Inc., and John Dupree appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Weiss, J.), entered August 7, 1998, as is in favor of the plaintiff and against them in the principal sum of $304,943.68.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The evidence at trial was sufficient to establish that the appellants parked their bus in a location which served to "invite or dictate that the [plaintiff] passenger board the bus via a treacherous path" (*Meyers v City of New York,* 215 AD2d 543; *see, Miller v Fernan,* 73 NY2d 844). Moreover, the verdict was not against the weight of the credible evidence (*see, Scott v Mason,* 155 AD2d 655).

The appellants' remaining contentions are without merit. Joy, J. P., Friedmann and Goldstein, JJ., concur.

McGinity, J., dissents and votes to reverse the judgment insofar as appealed from and order a new trial with the following memorandum: On July 1, 1990, the plaintiff was a member of a group outing to Shea Stadium organized by the owner of a tavern in Old Bridge, New Jersey. The group left the tavern at 11:00 A.M. and travelled by bus to attend a New York Mets baseball game which was to start at 1:35 P.M. The plaintiff consumed two beers on the bus prior to his arrival at Shea Stadium. The game progressed into approximately the fifth inning, a period of some one-and-one-half to two hours, during which time the plaintiff consumed an additional two beers. It then began to rain heavily and the game was ended. The plaintiff and the remainder of his group waited approximately 20 minutes for the rain to slacken and then left the stadium to return to the bus.

As they returned to the bus, which was parked in the same location as upon arrival, the plaintiff and a friend walked on the pavement of the parking lot as opposed to the walkway to avoid the crowds of people. Much of the parking lot was flooded due to the heavy rain, although the walkway next to the bus had no significant accumulation of water. Though the water came to within approximately six inches of the bus, the bus driver did not move the bus because, in his opinion, there was no better place to locate the bus, particularly since the bus was parked near an elevated curb. Evidence was adduced that there was a route which would have permitted access to the bus through an area with only three to four inches of water, and that approximately 10 to 20 passengers had preceded the

plaintiff onto the bus without difficulty. The plaintiff, however, attempted to navigate a six-inch puddle surrounding the bus and tripped over the curb of the walkway.

The jury found that the bus owner and driver were negligent and that their negligence was a substantial factor in causing the plaintiff's injuries. Five jurors also found that the plaintiff had been negligent, but that his negligence was not a substantial factor in causing the accident.

In my view, there should be a reversal and a new trial.

There was a question of fact as to whether or not the defendants properly discharged their duty to provide the plaintiff with a safe route to the bus (*cf., Blye v Manhattan & Bronx Surface Tr. Operating Auth.,* 72 NY2d 888), and the evidence supported the jury verdict that the defendants were negligent in this regard. The jury's conclusion, however, that the plaintiff's negligence was not a proximate cause of the accident should not be affirmed. It is well settled that a jury verdict may not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Miglino v Supermarkets Gen. Corp.,* 243 AD2d 451, 452; *Nicastro v Park,* 113 AD2d 129). On the evidence presented here, the jury could not have reasonably reached the conclusion it did, to wit, that the plaintiff's negligence was not a substantial factor in causing the accident. The plaintiff conceded that he consumed at least four beers, and there was testimony by the bus driver that he appeared to be intoxicated when he approached the bus. The fact that approximately some 10 to 20 passengers had entered the bus safely before the plaintiff's accident would lead reasonable persons to conclude that the plaintiff's negligence led directly to his injuries. The plaintiff's own conduct in choosing a path through a six-inch deep puddle and the manner in which he traversed that puddle was a proximate cause of the accident. To conclude otherwise would not be based on a fair interpretation of the evidence. For that reason, the appellants are entitled to a new trial.