■ LUZ MATIAS, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY et al.,

Respondents. [741 NYS2d 497] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered July 20, 2001, which granted defendant New York City Transit Authority's (NYCTA) and Manhattan and Bronx Surface Transit Operating Authority's (MABSTOA) motion for summary judgment, unanimously reversed, on the law, without costs, and the claims against these defendants reinstated.

Plaintiff slipped at a bus stop on a cracked curb which abutted a large, uneven mound of asphalt. The asphalt had accumulated to a level higher than the sidewalk, and was pressing against the curb where she fell. Plaintiff sued the City, NYCTA and MABSTOA, asserting that the accident was caused by a "depressed, broken section of the curb * * * approximately 3' long, 6" wide and approximately 1½" deep." She alleged that the curb "met up against a raised bump/hump in the road, which was approximately 7' long, 2' wide and dropped off 4" within approximately 1'."

In support of their joint motion for summary judgment, the NYCTA and MABSTOA asserted that they did not own the property where the accident happened, that they had not made any special use of the area, and that they had not created the defective condition. In opposition, plaintiff urged that one of the causes of the defect was the repeated force of defendants' bus wheels, resulting in the accumulation of asphalt. It was pressure from this which plaintiff alleged cracked the curb where she fell. Plaintiff annexed the affidavit of Mr. Castelar, the owner of a store next to the bus stop, who worked at the location for eight years prior to the accident. He stated that buses regularly drove onto the raised mound, and that he believed "the condition worsened year by year" especially in the warmer weather, when the asphalt was soft. Plaintiff also offered the affidavit of an engineer, Mr. Bellizzi, who was once employed by the NYCTA, and who had participated in a city-wide pavement operations study which included that effect of buses within bus stops. Bellizzi opined that "[plaintiff] tripped at the interface between the concrete curb and the asphalt pavement within the subject bus stop area. * * * The height differential was caused by the displacement of the asphalt pavement due to the constant flow of buses into the bus stop area over a period of at least two to three years. This displacement of the asphalt was caused by the heavy bus wheel paths which tracked toward the concrete curb in an angular trajectory. As a result, the flexible and fluid asphalt pavement flowed towards the concrete curb and created a mound or hump of asphalt which rose to an elevation that exceeded the height

of the curb. * * * The lateral pressure on the curb by the repeated bus movements was a substantial causative factor in the curb cracking. The combination of the cracked curb and asphalt pavement height differential created a dangerous, unsafe condition which was a trip and fall hazard."

The IAS court granted defendants' motion, finding that "[t]he fact that buses occasionally rode over the area where plaintiff fell d[id] not establish special use or create an issue of fact as to whether defendants caused the crack in the sidewalk where plaintiff fell." We disagree.

Viewing the complaint and its supporting documents in the light most favorable to plaintiff, the opponent of the motion, they present a factual issue as to whether NYCTA and MAB-STOA (the moving defendants) created a hazard which caused plaintiff's injuries. Thus, dismissal of the complaint is precluded (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550; *see, Cook v Rezende*, 32 NY2d 596, 599). Specifically, the affidavits of the store owner (Mr. Castelar) and plaintiff's expert (Mr. Bellizzi) raise an issue as to whether, by repeatedly allowing its drivers to pull into the bus stop in a manner which pushed the mound of asphalt against the curb and cracked it, NYCTA and MAB-STOA contributed to creation of the hazard (*see, Infante v City of New York*, 258 AD2d 333).

With respect to moving defendants' contention that the City is exclusively responsible for the maintenance and repair of its sidewalks, we note that there may be more than one proximate cause of an accident (*see, Blass v Mi Hong*, 240 AD2d 187). By providing lay and expert affidavits, plaintiff raised an issue as to whether the actions of the moving defendants were a substantial cause of the defective condition. Concur—Tom, J.P., Mazzarelli, Sullivan, Wallach and Marlow, JJ.