■ MELISSA TOWBIN, Appellant, v CITY OF NEW YORK et al., Defendants, and METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [765 NYS2d 242] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered July 1, 2002, which granted the motion of defendants Metropolitan Transportation Authority, New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff seeks to recover for injuries allegedly sustained when she fell on ice that had formed in a depression in a bus lane on a city street. Her complaint, however, was properly dismissed insofar as it seeks to hold defendants Metropolitan Transportation Authority, New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (the transit defendants), accountable for the alleged hazard since bus lanes, like other elements of the City's infrastructure, are the responsibility of the City and do not constitute a "special use" by the transit defendants (*see Gall v City of New York*, 223 AD2d 622 [1996]; *Blakeney v City of New York*, 222 AD2d 390 [1995]; *see also Pantazis v City of New York*, 211 AD2d 427 [1995]). No triable issue has been raised as to whether vehicles operated by the transit defendants, as opposed to the innumerable other vehicles that routinely utilize municipal bus lanes or indeed nonvehicular factors such as ground and weather conditions, caused the complained-of defect (*cf. Matias v City of New York*, 292 AD2d 311 [2002]). Finally, we note that the action must be dismissed against defendant Metropolitan Transportation Authority for the additional reason that it neither owns nor operates any buses (*see Cusick v Lutheran Med. Ctr.*, 105 AD2d 681 [1984]) and thus cannot be held responsible for a condition that plaintiff al-

leges was created over time by bus traffic. Concur—Buckley, P.J., Tom, Ellerin, Marlow and Gonzalez, JJ.