ELIZABETH HENDLER, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [768 NYS2d 626]—

In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Queens County (Flug, J.), dated October 2, 2003, which granted the plaintiff's motion, in effect, for leave to file an amended notice of claim.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for leave to file an amended notice of claim including an allegation that the defendant City of New York negligently planned and designed the traffic control device at the subject intersection and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

As the plaintiff now acknowledges by withdrawing from her

brief on appeal the language concerning negligent planning and design, the proposed amendment to the notice of claim regarding an allegation that the City of New York negligently planned and designed the traffic control device at the subject intersection substantially altered the nature of her claim. As such, this new theory is time-barred (*see* General Municipal Law § 50-e ) and not within the purview of General Municipal Law § 50-e (6) (*see Ford v Babylon Union Free School Dist.,* 213 AD2d 447 [1995]; *see also Richard v Town of Oyster Bay,* 300 AD2d 561 [2002]). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to file an amended notice of claim to include an assertion of negligent traffic planning and design. The remainder of the proposed amended notice of claim presents no new theories absent from the original notice of claim. Ritter, J.P., Smith, Friedmann, H. Miller and Crane, JJ., concur.