■ LYUDMILA OSCHEPKOVA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [808 NYS2d 271]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated November 17, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiff's cross motion for leave to serve an amended notice of claim nunc pro tunc.

Ordered that the order is affirmed, with costs.

General Municipal Law § 50-e (2) provides, in part, that a no-

tice of claim "shall set forth . . . the nature of the claim . . . [and] the time when, the place where, and the manner in which the claim arose." Here, the notice of claim correctly identified the date and time of the incident, and the number of the defendant New York City Transit Authority (hereinafter the NYCTA) bus involved in the incident. However, the notice of claim contained an error in its description of the manner in which the incident occurred.

Pursuant to General Municipal Law § 50-e (6), it is within the court's discretion to grant an application for leave to serve an amended notice of claim if the mistake, omission, irregularity, or defect in the original notice of claim was made in good faith and the municipality has not been prejudiced (see General Municipal Law § 50-e [6]; *Matter of Barrios v City of New York,* 300 AD2d 480 [2002]).

There is no allegation that the error in the notice of claim was made in bad faith. Additionally, at the General Municipal Law § 50-h hearing conducted about 3$^{1}/_{3}$ months after the incident, the plaintiff testified in detail about the manner in which the incident occurred. Moreover, the proposed notice of claim does not substantially alter the plaintiff's theories of liability (*compare Ruggiero v Suffolk County Police Dept.,* 7 AD3d 605 [2004]; *Hendler v City of New York,* 2 AD3d 685, 686 [2003]). Under the circumstances, the Supreme Court providently exercised its discretion in denying the NYCTA's motion for summary judgment and in granting the plaintiff's cross motion for leave to serve an amended notice of claim nunc pro tunc (*see Power v Manhattan & Bronx Surface Operating Auth.,* 16 AD3d 655, 655-656 [2005]; *Matter of Barrios v City of New York, supra*). Cozier, J.P., Luciano, Fisher and Covello, JJ., concur.