■ Krzysztof Dobrowolski, Respondent, v City of New York, Respondent, and New York City Transit Authority, Appellant. [815 NYS2d 469]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated March 2, 2005, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when, while waiting at a bus stop to board a bus operated by the New York City Transit Authority (hereinafter the NYCTA), he moved back as the bus approached and fell after stepping into a hole in the sidewalk, which was under construction at the time.

It is well settled that a "transit company is under a duty to provide prospective passengers with a reasonably safe, direct entrance onto the vehicle, clear of any dangerous obstruction or defect which would impede that entrance" (*Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 111 [1987], *affd* 72 NY2d 888 [1988]; *see Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410 [2004]; *Ausderan v City of New York*, 219 AD2d 562 [1995]; *Gross v New York City Tr. Auth.*, 256 AD2d 128 [1998]; *Francias v City of New York*, 222 AD2d 215 [1995]).

Here, in opposition to the NYCTA's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether the NYCTA breached its duty to provide a reasonably safe, direct entrance to the bus (*cf. Meyers v City of New York*, 215 AD2d 543 [1995]).

The NYCTA's remaining contentions are without merit. Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.