■ NINA RUMYACHEVA, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [828 NYS2d 223]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated November 18, 2005, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The defendant New York City Transit Authority (hereinafter the defendant) made a prima facie showing of its entitlement to summary judgment by establishing that it has no duty to maintain the public roadway where the accident occurred, and that it did not create the defective condition which caused the plaintiff's fall (*see Mompoint v New York City Tr. Auth.*, 8 AD3d 539 [2004]; *Harrington v City of New York*, 6 AD3d 662 [2004]; *Brown v City of New York*, 250 AD2d 638, 639 [1998]). In opposition to the motion, the plaintiff alleged only that the defendant had breached its duty to provide her with a reasonably safe path of travel onto the bus she was attempting to board at the time of the accident (*see Dobrowolski v City of New York*, 29 AD3d 937 [2006]; *Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410 [2004]; *Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 111 [1987], *affd* 72 NY2d 888 [1988]). However, this new theory of liability was not alleged in the plaintiff's notice of claim, and substantially alters the theory of liability set forth in the notice of claim, as well as in the complaint and the bill of particulars. Under these circumstances, the plaintiff could not properly rely on this new theory

of liability to defeat summary judgment. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see Mompoint v New York City Tr. Auth., supra; Harrington v City of New York, supra; see also Mahase v Manhattan & Bronx Surface Tr. Operating Auth., supra; cf. Hendler v City of New York*, 2 AD3d 685 [2003]). Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.