HAROLD SHALLER et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [839 NYS2d 766]—

In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated June 21, 2006, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, and the motion to dismiss the complaint insofar as asserted against the defendant New York City Transit Authority is granted.

The injured plaintiff allegedly tripped and fell on a raised and

mounded section of a roadway used for a bus stop in Brooklyn. The plaintiffs commenced this action alleging negligence against the City of New York and the New York City Transit Authority (hereinafter the NYCTA).

The City of New York, not the NYCTA, is responsible for the maintenance of bus stops within the City of New York, including the roads, curbs, and sidewalks attendant thereto (*see Brown v City of New York*, 250 AD2d 638 [1998]; *Gall v City of New York*, 223 AD2d 622 [1996]; *Blakeney v City of New York*, 222 AD2d 390 [1995]). Therefore, the plaintiffs failed to state a cause of action against the NYCTA for failure to maintain the roadway adjacent to the bus stop.

Although the plaintiffs alleged that the NYCTA created or contributed to the defect which caused the injured plaintiff's fall, the allegations were based on the normal operation of NYCTA buses and therefore responsibility to repair such a defect rested with the City (*see McFarlane v City of New York*, 243 AD2d 691 [1997]). We reject the plaintiffs' contention that the NYCTA could be held liable under a theory that it put the area in question to a special use (*see Towbin v City of New York*, 309 AD2d 505 [2003]; *Gall v City of New York, supra*; *Pantazis v City of New York*, 211 AD2d 427 [1995]). Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.