(November 27, 2007)

■ ADELE CABRERA, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [846 NYS2d 152]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered March 23, 2006, which granted the motion by defendants Transit Authority (TA) and Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs or disbursements.

At 6:30 A.M. on January 27, 2003, plaintiff, on her way to

work, walked across West 231st Street in the Bronx to reach the bus stop on Broadway. As she was about to step on the sidewalk, she slipped and fell, sustaining the injuries for which this lawsuit is brought. She claims that her fall was caused by her slipping on a "mound" of asphalt covered with ice adjacent to the curb alongside the bus stop. After joinder of issue, the TA and MABSTOA argued in their summary judgment motion that they were not obligated to maintain the roadway and curb near the bus stop, such obligation being the responsibility of the City, also a defendant herein.

In opposing the motion, plaintiff submitted an expert affidavit from a civil engineer who stated that the TA had created the complained-of defective condition in the roadway, a phenomenon known as "creeping" asphalt, caused by the buses pushing the existing asphalt, which is softer and more malleable than concrete, closer to the curb over a long period of time, resulting in mounds such as the one on which plaintiff tripped and fell. The surface alongside the curb takes the shape of a mound because the curb often acts to restrict the asphalt's lateral movement. Thus, plaintiff argued, she presented sufficient evidence to show that the TA had created the condition. Supreme Court granted the motion, rejecting the opinion of plaintiff's expert as speculative and "fail[ing] to account for other vehicular traffic contributing to the condition." We affirm, but for a different reason.

The duty to maintain public sidewalks and roadways—including those adjacent to bus stops—in a reasonably safe condition and good repair, free from any defect, falls upon the City (*Cioe v Petrocelli Elec. Co., Inc.*, 33 AD3d 377 [2006]). As this Court held in *Towbin v City of New York* (309 AD2d 505, 505 [2003]), "bus lanes, like other elements of the City's infrastructure, are the responsibility of the City and do not constitute a 'special use' by the transit defendants." Two recent Second Department decisions, *Tanzer v City of New York* (41 AD3d 582 [2007]) and *Shaller v City of New York* (41 AD3d 697 [2007]), in each of which the plaintiff sustained injuries resulting from a trip and fall on a raised and mounded section of a roadway in the area of a bus stop, are directly on point. Both *Tanzer* and *Shaller* adopt the language of *Towbin* and dismiss suits founded on the same argument raised here—that the TA can be held liable for the wear and tear produced by its buses on the roadways adjoining its bus stops. To the extent that *Matias v City of New York* (292 AD2d 311 [2002]), upon which plaintiff relies, leads to a contrary result, we overrule it. Concur—Lippman, P.J., Mazzarelli, Sullivan, Nardelli and Sweeny, JJ.