■ JEREMY DAVILA, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, and KEYSPAN ENERGY CORPORATION et al., Respondents. [888 NYS2d 138]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Queens County (Flug, J.), dated June 12, 2007, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

After alighting from a bus owned by the appellant, New York City Transit Authority, and taking two or three steps on the sidewalk, the plaintiff tripped and fell on a gas cap, which apparently had been installed by the defendant Keyspan Energy Corporation (hereinafter Keyspan). After issue was joined, the appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that it was not at fault in the happening of the accident.

The evidence submitted by the appellant demonstrated, prima facie, that the plaintiff's accident was not proximately caused by any negligence on its part. "The City of New York, not the NYCTA, is responsible for the maintenance of bus stops within the City of New York, including the roads, curbs, and sidewalks attendant thereto" (*Shaller v City of New York,* 41 AD3d 697, 698 [2007]). Moreover, the testimony adduced by the plaintiff at the hearing conducted pursuant to General Municipal Law § 50-h demonstrated that he was provided with a safe place to alight and that a safe path away from the bus existed (*see Otonoga v City of New York,* 234 AD2d 592 [1996]). "The carrier's duty terminates when it provides the passenger a safe alighting point" (*Diedrick v City of New York,* 162 AD2d 496, 497 [1990]).

The opposition to the motion submitted by Keyspan and the defendant Liberty Department Store, the only parties who opposed the motion, failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Moreover, contrary to the contention of those defendants, the appellant's motion was not premature, as they failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence and that facts essential to justify opposition were exclusively within the knowledge or control of the appellant (*see Lopez v WS Distrib., Inc.,* 34 AD3d 759, 760 [2006]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion"

(*Lopez v WS Distrib., Inc.,* 34 AD3d 759 [2006]). Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.