■ In the Matter of DARIUSZ NIEWOJT et al., Respondents, v CITY OF MIDDLETOWN, NEW YORK, et al., Appellants. [910 NYS2d 690]—

In a proceeding pursuant to General Municipal Law § 50-e (6) for leave to amend a notice of claim, the City of Middletown, New York, Middletown Board of Education, and Middletown High School appeal, as limited by their briefs, from so much of an order of the Supreme Court, Orange County (Ritter, J.), dated December 14, 2009, as granted that branch of the petition which was for leave to amend the notice of claim to assert additional causes of action alleging violations of Labor Law §§ 200, 240 and § 241 (6).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and that branch of the petition which was for leave to amend the notice of claim to assert additional causes of action alleging violations of Labor Law §§ 200, 240 and § 241 (6) is denied.

The new theories of recovery contained in the petitioners' proposed amended notice of claim would have substantially altered the nature of their claims. Amendments of a substantive nature are not within the purview of General Municipal Law

§ 50-e (6) (*see Finke v City of Glen Cove*, 55 AD3d 785, 786 [2008]; *Ruggiero v Suffolk County Police Dept.*, 7 AD3d 605 [2004]; *Hendler v City of New York*, 2 AD3d 685 [2003]; *Richard v Town of Oyster Bay*, 300 AD2d 561 [2002]). Accordingly, that branch of the petition which was for leave to amend the notice of claim to assert additional causes of action alleging violations of Labor Law §§ 200, 240 and § 241 (6) should have been denied. Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.