■ RAMON ALMONTE, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [2 NYS3d 131]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated January 31, 2013, as, upon renewal, adhered to its original determination in an order dated June 15, 2012, granting that branch of the cross motion of the defendant New York City Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly was injured while attempting to board a bus owned by the defendant New York City Transit Authority (hereinafter the NYCTA). The plaintiff testified at his deposition that the bus had stopped two or three feet away from the curb at a bus shelter located in front of 166 Myrtle Avenue in Brooklyn. Several individuals who had been waiting for the bus at the bus shelter safely boarded the bus. However, the plaintiff, who had been approaching the bus from behind, stepped into a hole when he stepped from the sidewalk into the street. The hole was located to the left of the door to the bus.

"A transit company owes a duty to a prospective boarding passenger to provide him or her with a reasonably safe, direct means of entrance onto the vehicle, clear of any dangerous obstruction or defect which would impede that entrance" (*Saidoff v New York City Tr. Auth.*, 105 AD3d 726, 727 [2013]; *see Dobrowolski v City of New York*, 29 AD3d 937 [2006]; *Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 111 [1987], *affd* 72 NY2d 888 [1988]).

Here, the NYCTA established its prima facie entitlement to judgment as a matter of law by demonstrating that the bus had been stopped at a location where passengers could safely get on and off (*see Francias v City of New York*, 222 AD2d 215 [1995]). In opposition, the plaintiff failed to raise any triable issues of fact. Accordingly, the Supreme Court properly adhered to its original determination granting that branch of the NYCTA's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.