Nowak v City of New York (2019 NY Slip Op 06175)





Nowak v City of New York


2019 NY Slip Op 06175


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-12359
 (Index No. 500605/16)

[*1]Irena K. Nowak, respondent, 
v
City of New York, et al., defendants, New York City Transit Authority, appellant.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant.
Law Office of Yuriy Prakhin P.C., Brooklyn, NY (Gregory A. Nahas of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated September 14, 2018. The order denied the motion of the defendant New York City Transit Authority, in effect, for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On January 20, 2015, the plaintiff was attempting to board a bus allegedly owned and operated by the defendant New York City Transit Authority (hereinafter the NYCTA) at a bus stop on Ocean Avenue, when she tripped and fell as a result of an allegedly dangerous condition in the roadway in front of the bus. The plaintiff commenced this action against the NYCTA and others to recover damages for personal injuries, alleging, among other things, that the NYCTA was negligent in failing to allow safe passage to her as she attempted to board the bus.
After joinder of issue and discovery, the NYCTA moved, in effect, for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, and the NYCTA appeals.
A transit company or a common carrier is under a duty to provide a prospective passenger with a reasonably safe, direct entrance onto the vehicle, clear of any dangerous obstruction or defect which would impede that entrance (see Almonte v City of New York, 123 AD3d 1067, 1068; Saidoff v New York City Tr. Auth., 105 AD3d 726, 727; Kasper v Metropolitan Transp. Auth. Long Is. Bus, 90 AD3d 998, 999; Mahase v Manhattan & Bronx Surface Tr. Operating Auth., 3 AD3d 410, 410; Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d 106, 111, affd 72 NY2d 888). "Stated differently, imposing liability requires a finding that the placement of the bus dictates that the passenger, in order to board the bus, must negotiate a dangerous or defective path" (Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d at 111-112; see Meyers v City of New York, 215 AD2d 543).
Here, viewing the evidence submitted in support of the NYCTA's motion in the light most favorable to the nonmoving parties, the NYCTA failed to demonstrate, prima facie, that the bus operator provided the plaintiff with a reasonably safe entrance onto the bus (cf. Almonte v City of New York, 123 AD3d at 1067). Since the NYCTA failed to establish its prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to deny the NYCTA's motion, in effect, for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court