DeCaprariis-Salerno v Incorporated Vil. of Rockville Ctr. (2022 NY Slip Op 00400)





DeCaprariis-Salerno v Incorporated Vil. of Rockville Ctr.


2022 NY Slip Op 00400


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2019-09747
 (Index No. 5789/16)

[*1]Angela DeCaprariis-Salerno, et al., appellants,
v
Incorporated Village of Rockville Centre, respondent.


Sullivan Papain Block McGrath & Cannavo P.C., Garden City, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellants.
Bartlett LLP, Garden City, NY (Susan B. Boland and Robert G. Vizza of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered June 20, 2019. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion pursuant to CPLR 3025(b) for leave to amend their bill of particulars.
ORDERED that the order is affirmed insofar as appealed from, with costs.
After the plaintiff Angela DeCaprariis-Salerno allegedly tripped and fell on a height differential between two uneven concrete panels in the defendant's exterior parking lot, she, and her husband suing derivatively, commenced this action against the defendant. In an order entered June 20, 2019, the Supreme Court, inter alia, granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion pursuant to CPLR 3025(b) for leave to amend their bill of particulars. The plaintiffs appeal.
Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for a defect within the scope of the law unless it has received prior written notice of the defect or an exception to the prior written notice requirement applies (see Amabile v City of Buffalo, 93 NY2d 471, 474). There are two "recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728). The affirmative act exception "'is limited to work by the [municipality] that immediately results in the existence of a dangerous condition'" (id. at 728, quoting Oboler v City of New York, 8 NY3d 888, 889 [internal quotation marks and emphasis omitted]).
"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). Here, based upon the plaintiffs' pleadings, to establish its prima facie entitlement to judgment as a matter of law, the defendant was required to [*2]demonstrate, prima facie, both that it did not have prior written notice of the alleged defect, and that it did not create the alleged defect (see Gutierrez-Contreras v Village of Port Chester, 172 AD3d 1333, 1335). In support of its motion, the defendant submitted evidence sufficient to establish, prima facie, that it did not have prior written notice of the defect and that it did not affirmatively create the alleged defect by repairing an area adjacent to the accident site (see Gutierrez-Contreras v Village of Port Chester, 172 AD3d 1333; Witte v Incorporated Vil. of Port Washington N., 114 AD2d 359). In opposition, the plaintiffs failed to raise a triable issue of fact.
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court