Greene v MTA Bus Co. (2023 NY Slip Op 04658)

Greene v MTA Bus Co.

2023 NY Slip Op 04658

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-00131
 (Index No. 704875/19)

[*1]Sharon Greene, respondent, 
v
MTA Bus Company, appellant, et al., defendants.

Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (Kurt Doiron of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant MTA Bus Company appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated December 8, 2021. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2018, the plaintiff allegedly sustained personal injuries while she was a passenger on a bus owned by the defendant MTA Bus Company (hereinafter the MTA) as a result of an accident at the intersection of Parsons Boulevard and Hillside Avenue in Queens. The bus and a vehicle operated by the defendant Muhammed Aftab Malek were traveling in the same direction when Malek's vehicle allegedly made a right turn directly into the path of the bus, which was pulling out from a bus stop, causing the bus to make a sudden stop. In March 2019, the plaintiff commenced an action against the MTA and its bus driver. In May 2019, the plaintiff amended the complaint and added Malek as a defendant. In an order dated December 8, 2021, the Supreme Court, inter alia, denied that branch of the MTA's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. The MTA appeals.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (McPhaul-Guerrier v Leppla, 201 AD3d 920, 921, quoting Boulos v Lerner-Harrington, 124 AD3d [*2]709, 709; see Mohammed v City of New York, 206 AD3d 988, 989). "Pursuant to the emergency doctrine, a driver faced with a sudden and unexpected circumstance, not of the driver's own making, that leaves little or no time for reflection or causes that driver to be reasonably so disturbed as to compel a quick decision without weighing alternative courses of conduct, may not be negligent if the actions taken are reasonable and prudent in the context of the emergency" (Welch v Suffolk Coach, Inc., 162 AD3d 1097, 1097-1098; see Caristo v Sanzone, 96 NY2d 172, 174). Here, the MTA failed to establish, prima facie, that its bus driver was not at fault in the happening of the accident. The evidence submitted by the MTA failed to eliminate triable issues of fact as to whether its bus driver exercised reasonable care to avoid the accident, whether his actions contributed to or caused the emergency, and whether his negligence was a proximate cause of the accident (see Mohammed v City of New York, 206 AD3d at 989).
Accordingly, the Supreme Court properly denied that branch of the MTA's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court