Belenkaya v City of New York (2025 NY Slip Op 03992)

Belenkaya v City of New York

2025 NY Slip Op 03992

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-01963
 (Index No. 509951/22)

[*1]Nella Belenkaya, appellant, 
v
City of New York, et al., defendants, New York City Transit Authority, et al., respondents.

Law Office of Yuriy Prakhin, P.C. (Gil Zohar and Simon Q. Ramone, White Plains, NY, of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated November 15, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants New York City Transit Authority, Metropolitan Transportation Authority, and MTA Bus Company which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly fell due to a defective sidewalk condition at a bus stop. The plaintiff filed a notice of claim against the defendants, City of New York, New York City Department of Transportation, New York City Transit Authority, Metropolitan Transportation Authority, and MTA Bus Company, and later commenced this action against those entities to recover damages for injuries she allegedly sustained in connection with the accident. New York City Transit Authority, Metropolitan Transportation Authority, and MTA Bus Company (hereinafter collectively the Transit defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that they had no duty to maintain the bus stop where the accident occurred. In an order dated November 15, 2023, the Supreme Court, among other things, granted that branch of the Transit defendants' motion. The plaintiff appeals.
"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214; see DeCaprariis-Salerno v Incorporated Vil. of Rockville Ctr., 201 AD3d 874, 875). Here, the notice of claim merely alleged that the defendants were negligent in their ownership, maintenance, and control of the sidewalk/bus stop where the accident occurred. The plaintiff did not assert the theory that the bus operator was negligent in failing to provide the plaintiff with a safe place to alight from the bus (see Rojas v Hazzard, 171 AD3d 820, 822). Accordingly, the Transit defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the "City of New York, not the [Transit defendants], is responsible for the maintenance of bus stops within the City of New York, including the roads, curbs, and sidewalks attendant thereto" (Shaller v City of New York, 41 AD3d 697, 698; [*2]see Davila v New York City Tr. Auth., 66 AD3d 952, 953). In opposition, the plaintiff asserted that the Transit defendants breached their duty as common carriers to provide her with a safe place to disembark from the bus. Contrary to the plaintiff's contention, this assertion constituted a new theory of liability that was not alleged in the notice of claim and substantially altered the theory of liability set forth in the notice of claim, as well as in the complaint and the bill of particulars (see Rumyacheva v City of New York, 36 AD3d 790, 790-791; see also Rojas v Hazzard, 171 AD3d at 822). Under these circumstances, the plaintiff could not properly rely on this new theory of liability to defeat summary judgment.
Accordingly, the Supreme Court properly granted that branch of the Transit defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court