| Tannis v Metropolitan Transp. Auth. |
|:---:|
| 2026 NY Slip Op 30737(U) |
| February 18, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 503561/24 |
| Judge: Carolyn E. Wade |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At the Supreme Court of the State of
New York in the County of Kings,
located at 360 Adams Street, Part 84,
Brooklyn, New York on the 19ᵗʰ
day of February, 2026

PRESENT: Honorable Carolyn E. Wade

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-------------------------------------------------------------------------X
CHARMAINE TANNIS, MICHELLE R. WILLIAMS,
VALERIE HAYES, JESSICA ANDINO, JULIO SERRANO,
RAINOA SERRANO, CLARA RIVERA, and
JAMES BROWN,

                               Plaintiffs,

               -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
NEW YORK CITY TRANSIT AUTHORITY,
MABSTOA, MTA BUS COMPANY,
RAMEL H. TUCKER, and "JOHN DOE,"

                             Defendants.
-------------------------------------------------------------------------X

Index No. 503561/2024

**AMENDED DECISION AND ORDER**

Mot. Seq. No. 7

        Recitation, as required by CPLR § 2219 (a), of the electronic papers considered in the review of defendants' summary judgment motion:

| | |
|---|---|
| Notice of Motion, Affirmations, and Exhibits Annexed............................... | 98-106 |
| Opposing Affirmations and Exhibits Annexed........................................... | 111; 121-123; 127-129; 134-135 |
| Reply Affirmations and Exhibits Annexed................................................ | 114-115, 119; 125-126; 132; 133; 136 |
| Proposed Orders.......................................................................................... | 137; 138; 139; 140 |
| Order, dated March 12, 2025, dismissing City of New York from the *Clara Rivera* Action............................................................................ | Index No. 521380/24, Doc No. 20 |

        Upon the foregoing papers, and after oral argument, the Motion of Defendant, Metropolitan Transportation Authority ("MTA"), together with Defendants, New York City Transit Authority, the City of New York, MABSTOA, MTA Bus Company, and Ramel H. Tucker ("non-MTA Defendants") (collectively referred to "Defendants"), for an Order, pursuant to CPLR §§ 3211 and 3212, granting Summary Judgment and dismissing all claims against them (Mot. Seq. 7), is decided as follows:

1

[* 1]

## BACKGROUND

In May 2023, Plaintiffs were passengers on a bus owned and operated by the non-MTA Defendants. Plaintiff's allegedly sustained injuries as a result of a motor vehicle accident that occurred at or near the intersection of Pitkin Avenue and Watkins Street in Brooklyn, New York. As the bus was traveling through the intersection, a grey sedan, which was parked on Pitkin Avenue, pulled out from its parking spot, entered the bus's lane of travel, and made a U-turn in front of the bus, thereby causing the bus driver to make a sudden, hard stop. The driver of the grey sedan (designated as "John Doe" in the caption) fled the scene of the accident.

In February 2024, several Plaintiffs (later joined by other Plaintiffs) commenced this consolidated action against MTA and the non-MTA Defendants.[1] Defendants joined issue, asserting (among other affirmative defenses) that: (1) Plaintiffs had no cause of action against MTA as a matter of law; and (2) Plaintiffs' claims against the non-MTA Defendants were barred by the emergency doctrine.[2]

Before any pretrial depositions were held, Defendants interposed the instant Motion for Summary Judgment. Defendants' Motion is supported by an affidavit from the bus driver, as well as the video data manager, each of whom interpreted the video footage depicting the subject accident to support the proposition that the bus driver was faced with an emergency.[3] Plaintiffs objected and, as part of their objections, Plaintiff Valerie Hayes (by way of her eyewitness

---

[1] First Order of Consolidation, dated September 25, 2024; Second Order of Consolidation, dated March 19, 2025 (NYSCEF Doc Nos. 30 and 51, respectively).

[2] "Pursuant to the emergency doctrine, a driver faced with a sudden and unexpected circumstance, not of the driver's own making, that leaves little or no time for reflection or causes that driver to be reasonably so disturbed as to compel a quick decision without weighing alternative courses of conduct, may not be negligent if the actions taken are reasonable and prudent in the context of the emergency." *Welch v. Suffolk Coach, Inc.*, 162 A.D.3d 1097 (2nd Dept. 2018)

[3] Rahmel H. Tucker's Fact Affidavit, dated June 13, 2025; John Paul Laquindanum's Fact Affidavit, dated June 26, 2025; Video Footage from Bus Cameras; Video Footage from a Nearby Storefront (NYSCEF Doc Nos. 105, 106, 103, and 104, respectively).

2

affidavit)[4] recited, in detail, her reasons why the bus driver failed to exercise reasonable care to avoid the accident.[5] On November 5, 2025, the Court heard oral argument on Defendants' Motion for Summary Judgment and reserved Decision. After due deliberation having been had, it is decided as follows:

## DISCUSSION

### Defendant MTA

"It is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility." *Fiero v. City of New York*, 190 A.D.3d 822 (2nd Dept. 2021). MTA "neither owns nor operates any buses." *Towbin v. City of New York*, 309 A.D.2d 505 (1st Dept 2003). The bus involved in the subject accident was owned and operated by Defendant MTA Bus Company, and "the MTA is not vicariously liable for the torts of its subsidiaries such as [Defendant] MTA Bus Company." *Brunson v. City of New York*, 150 A.D.3d 1189 (2nd Dept 2017). Accordingly, dismissal of Plaintiffs' claims against MTA is warranted, pursuant to CPLR § 3211 (a) (7). *Chen v. Metropolitan Tr. Auth.*, 239 AD3d 589 (2nd Dept 2025).

### Non-MTA Defendants

CPLR § 3212 (f) provides, in relevant part, that a Court may deny a Motion for Summary Judgment "[s]hould it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated." "It is well established that where facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant, summary judgment may be denied." *Baron v.*

---

[4] Valerie Hayes's Affidavit, dated October 23, 2025 (NYSCEF Doc No. 129).

[5] For entitlement to Summary Judgment on the emergency doctrine, movants must "eliminate triable issues of fact as to whether [the] bus driver exercised reasonable care to avoid the accident, whether his [or her] actions contributed to or caused the emergency, and whether his [or her] negligence was a proximate cause of the accident" (*see Greene v MTA Bus Co.*, 219 AD3d 1411, 1412 [2d Dept 2023]).

3

*Incorporated Vil. of Freeport*, 143 A.D.2d 792 (2nd Dept 1988). This is especially so where, as here, Plaintiffs have not had an opportunity to depose the bus driver to ascertain "whether he had met his duty of care, a subject within his exclusive knowledge." *Paulino v. Chaver-Jimenez*, 238 A.D.3d 610 (1st Dept 2025). Under the circumstances of this consolidated case, where no pretrial depositions have been taken, the branch of Defendants' Motion for Summary Judgment in favor of the non-MTA Defendants must be **DENIED** as premature, without prejudice, providing Defendant's the opportunity to renew upon the completion of discovery. *Gruenfeld v. City of New Rochelle*, 72 A.D.3d 1025 (2nd Dept. 2010); *Elliot v. County of Nassau*, 53 A.D.3d 561 (2nd Dept. 2008).[6]

The Court has considered the parties' remaining contentions and found them either moot or unavailing in light of its determination. All relief not expressly granted herein is **DENIED**.

## CONCLUSION

Based on the foregoing, and after oral argument, it is hereby:

**ORDERED** that Defendants' Motion (Mot. Seq. No. 7) is **GRANTED SOLELY TO THE EXTENT** that Plaintiffs' claims against MTA are dismissed, pursuant to CPLR § 3211 (a) (7). The remainder of the Motion is **DENIED AS PREMATURE, PURSUANT TO CPLR § 3212 (f), WITHOUT PREJUDICE, TO RENEW FOLLOWING THE COMPLETION OF DISCOVERY**; and it is further

**ORDERED** that the action is severed and continued against the non-MTA Defendants, with the amended caption to read as follows:

---

[6] See also *Chmelovsky v. Country Club Homes, Inc.*, 106 A.D.3d 684 (2nd Dept. 2013); *Gregorian v. New York Life Ins. Co.*, 90 A.D.3d 837 (2nd Dept. 2011); *Gardner v. Cason*, Inc., 82 A.D.3d 930 (2nd Dept. 2011); *Evangelista v. Kambanis*, 74 A.D.3d 1278 (2nd Dept. 2010).

4

-------------------------------------------------------------------X

CHARMANE TANNIS, MICHELLER WILLIAMS,
VALERIE HAYES, JESSICA ANDINO, JULIO SERANO,
RAINOA SERRANO, CLARA RIVERA, and
JAMES BROWN,

                            Plaintiffs,

          -against-

NEW YORK CITY TRANSIT AUTHORITY,
MABSTOA, MTA BUS COMPANY,
RAMEL H. TUCKER, and "JOHN DOE,"

                            Defendants.

                       Index No. 503561/24

-------------------------------------------------------------------X

; and it is further

**ORDERED** that Sacco & Fillas, LLP (as one of Plaintiffs' counsel), is directed to electronically serve a copy of this Decision and Order with Notice of Entry on Defendants' counsel and to electronically file an Affidavit of said service with the Kings County Clerk.

**This constitutes the Decision and Order of the Court.**

ENTER:

_____
HON. CAROLYN E. WADE, J.S.C.

KINGS COUNTY CLERK
FILED
2026 FEB 26 A 9:38

[* 5]