■ MICHAEL CALANDRIELLO et al., Appellants, v NEW YORK RACING ASSOCIATION, INC., et al., Respondents. [611 NYS2d 247] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Graci, J.), entered January 23, 1992, which, upon granting the defendants' motion to dismiss the complaint at the close of the plaintiff's case for failure to establish a prima facie case, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Michael Calandriello alleged in the complaint that he was injured when his automobile struck a gate which is used to close an exit ramp at Belmont Racetrack. Calandriello was unable to recall how the accident had occurred and could not testify at trial with regard thereto, although he did remember that there was a sudden loud noise and blood and glass everywhere. Calandriello testified that, prior to the accident, he did not see any part of the gate or anything else protruding into the roadway. Calandriello also testified that he did not remain at the racetrack to attempt to ascertain what had happened and that he believed that he drove directly to the hospital.

Contrary to the plaintiffs' contention, the Supreme Court properly granted the defendants' motion to dismiss the complaint due to the plaintiffs' failure to establish a prima facie case. It is clear, based upon the evidence adduced by the plaintiffs at trial, that there is no rational process by which a jury could have found for them and against the defendants

*(see, Kleinmunz v Katz,* 190 AD2d 657; *Hylick v Halweil,* 112 AD2d 400, 401). The plaintiffs' failure to come forward with evidence of negligence and causation required that the defendants' motion to dismiss the complaint for failure to establish a prima facie case be granted and the complaint dismissed *(see, Smith v Stark,* 67 NY2d 693, 695).

Contrary to the plaintiffs' contention, we find that the Supreme Court properly refused to admit into evidence photographs taken by the plaintiff Michael Calandriello's brother on the night of the accident and the following day for the purpose of proving that the accident had occurred because the gate was in the roadway rather than at the curb. Calandriello's brother conceded that he had moved the gates in question to obtain the photographs and that some of the photographs are of a different gate. Since the photographs in question do not show the accident site under conditions that are substantially the same as those at the time of the accident, the Supreme Court properly precluded their use at trial *(see, Davis v County of Nassau,* 166 AD2d 498, 499).

We have considered the plaintiffs' remaining contentions and find that they are without merit. Thompson, J. P., Balletta, Pizzuto and Joy, JJ., concur.