■ ROBERT J. NEAL et al., Appellants, v AMITYVILLE UNION FREE SCHOOL DISTRICT et al., Respondents. [733 NYS2d 245] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Berler, J.), dated February 26, 2001, which granted the motion of the defendant Village of Amityville for summary judgment dismissing the complaint insofar as asserted against it and the separate motion of the defendant Amityville Union Free School District to dismiss the complaint insofar as asserted against it on the ground that the notice of claim was deficient, and denied their cross motion for leave to serve an amended notice of claim.

Ordered that the order is modified by deleting the provision thereof granting the motion of the defendant Amityville Union Free School District, and substituting therefor a provision denying that motion, and deleting the provision thereof denying the cross motion and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with costs to the plaintiffs payable by the defendant Amityville Union Free School District, and the amended notice of claim is deemed served.

The plaintiff Robert Jason Neal was injured on March 31, 1999. On June 15, 1999, the injured plaintiff's mother served sworn notices of claim on the defendants on her own behalf and as a natural guardian of the injured plaintiff. The notices of claim erroneously stated that the injured plaintiff was an infant at the time of the accident. The notices of claim clearly informed the defendants of the date and place of the accident, the manner in which the claim arose, and the nature of the injuries. By summons and complaint dated March 16, 2000, the injured plaintiff and his mother commenced this action against the defendants. By notice of motion dated November 16, 2000, the defendant Amityville Union Free School District (hereinafter the School District) moved to dismiss the complaint insofar as asserted against it on the ground that, *inter alia*, the notice of claim did not meet the requirements of General Municipal Law § 50-e as it was not sworn to by the injured plaintiff and, among other things, did not name the School District as a respondent in the caption, did not name the injured plaintiff as a claimant, and did not state his post office address. The plaintiffs then cross-moved to amend the notice of claim to cure these defects.

The purpose of a notice of claim is to allow a governmental subdivision a meaningful opportunity to timely investigate and to preserve evidence of the facts and circumstances that gave

rise to a claim (*see, Mills v County of Monroe,* 59 NY2d 307, 310-311, *cert denied* 464 US 1018; *Matter of Beary v City of Rye,* 44 NY2d 398, 412). General Municipal Law § 50-e (6) permits amendment of a notice of claim at any time after the service thereof provided that the mistake, omission, irregularity, or defect occurred in good faith, and the public corporation was not prejudiced thereby (*see, D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891; *Cyprien v New York City Tr. Auth.,* 243 AD2d 673; *Nouri v City of New York,* 90 AD2d 745). In this case, the School District, which was timely served with a notice of claim, had notice of the nature of the claim, the date of the accident, the location of the accident, and the items of damages (*see, Lomax v New York City Health & Hosps. Corp.,* 262 AD2d 2; *Przestrzelski v Board of Educ.,* 71 AD2d 743; *Gennusa v Lindenhurst Pub. Schools,* 68 AD2d 901). The School District did not assert a lack of good faith or claim that it will be prejudiced by the omissions. Therefore, the School District's motion to dismiss the complaint insofar as asserted against it should have been denied, and the plaintiffs' motion to amend the notice of claim should have been granted.

The parties' remaining contentions are without merit. Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.