ANN POWER, Respondent, v MANHATTAN AND BRONX SURFACE OPERATING AUTHORITY et al., Appellants. [792 NYS2d 188]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated March 8, 2004, which denied their motion pursuant to CPLR 3211 to dismiss the complaint for failure to set forth the correct time of the accident in the notice of claim.

Ordered that the order is affirmed, with costs.

General Municipal Law § 50-e (6) provides that a "mistake, omission, irregularity or defect" in the notice of claim "may be corrected, supplied or disregarded" in the court's discretion, provided that such mistake, omission, irregularity, or defect was made in good faith, in the absence of any prejudice to the municipal defendant (*see D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891, 893 [1994]; *Ingle v New York City Tr. Auth.,* 7 AD3d 574, 575 [2004]; *Miller v New York City Tr. Auth.,* 6 AD3d 405, 406 [2004]; *Butler v Town of Smithtown,* 293 AD2d 696, 697 [2002]; *Neal v Amityville Union Free School Dist.,* 288 AD2d 450, 451 [2001]).

In determining the sufficiency of a notice of claim in the context of a motion to dismiss, a court may consider the

testimony provided during a hearing pursuant to General Municipal Law § 50-h, and any other evidence before the court, as well as the notice of claim (*see D'Alessandro v New York City Tr. Auth., supra* at 893).

Although the plaintiff provided the defendants with the wrong time of the accident in her notice of claim, she corrected such error at her General Municipal Law § 50-h hearing. Further, the plaintiff provided the correct date and place of the accident in her notice of claim, as well as the circumstances regarding the accident at her General Municipal Law § 50-h hearing. Therefore, in the absence of any bad faith by the plaintiff and the lack of prejudice to the defendants, the Supreme Court properly denied the motion to dismiss the complaint. Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.