■ MARY CARLINO, Appellant, v TRIBORO COACH CORP., Respondent. [803 NYS2d 105]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (O'Donoghue, J.), dated September 10, 2004, which granted the defendant's motion pursuant to CPLR 4401 at the close of the plaintiff's case to dismiss the complaint for failure to establish a prima facie case, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted the defendant's motion pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case of negligence, made at the close of the plaintiff's case. Viewing the evidence in the light most favorable to the plaintiff (*see* CPLR 4401; *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]), there was insufficient evidence from which a reasonable jury could conclude that the bus driver's alleged failure to lower the bus, even if requested to do so by the plaintiff, was negligent.

The plaintiff's reliance on the existence of a company policy of the defendant requiring the lowering of a bus for elderly passengers, and the driver's alleged failure to comply with the policy, does not state a cause of action upon which relief can be granted. The plaintiff presented no evidence that the policy was reflective of an industry standard or a generally-accepted safety practice (*see Ambrosio v South Huntington Union Free School Dist.*, 249 AD2d 346, 347 [1998]; *Ray v County of Delaware*, 239 AD2d 755 [1997]; *cf. Trimarco v Klein*, 56 NY2d 98 [1982]). "Although noncompliance with such a customary practice or industry standard may be evidence of negligence, the failure to abide by guidelines or recommendations that are not generally-accepted standards in an industry will not suffice to raise an issue of fact as to a defendant's negligence" (*Diaz v New York Downtown Hosp.*, 287 AD2d 357, 358 [2001], *affd* 99 NY2d 542 [2002] [citation omitted]), nor create a prima facie case of negligence sufficient to withstand a motion pursuant to CPLR 4401.

In the absence of any testimony establishing industry standards and generally accepted practices regarding the lowering of a bus, the plaintiff failed to define the duty she was owed by the defendant and the actionable breach of that duty. Therefore, the Supreme Court properly granted the motion pursuant to CPLR 4401 at the close of the plaintiff's case (*see Calandriello v New York Racing Assn.*, 203 AD2d 503 [1994]; *Kleinmunz v Katz*, 190 AD2d 657 [1993]). S. Miller, J.P., Ritter, Rivera and Skelos, JJ., concur.