■ ELISHA AJAYI, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, and CITY OF NEW YORK, Respondent. [812 NYS2d 647]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated October 6, 2004, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

"A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (*Miller v Fernan*, 73 NY2d 844, 846 [1988]; *see Fagan v Atlantic Coast Line R.R. Co.*, 220 NY 301, 306-307 [1917]; *Conetta v New York City Tr. Auth.*, 307 AD2d 333 [2003]; *see e.g. Hickey v Manhattan & Bronx Surface Tr. Operating Auth.*, 163 AD2d 262, 263 [1990]). The defendant New York City Transit Authority (hereinafter the Transit Authority) failed to submit evidence sufficient to establish as a matter of law that it satisfied this duty. Since the Transit Authority failed to establish its prima facie entitlement to summary judgment, we need not review the sufficiency of the opposition papers of the defendant City of New York and the plaintiff (*see Jablons v Peak Health Club, Inc.*, 19 AD3d 369 [2005]). Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.