■ HELENA MCKENZIE, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [835 NYS2d 213]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Murphy, J.), entered March 10, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While attempting to disembark a bus owned and operated by

the defendants, the plaintiff slipped on a step which she described as wet and slushy, and fell from the bus. It is undisputed that a heavy snow had fallen several days earlier and that passengers were tracking snow, slush, and water from the ground onto the bus. After the plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her in the accident, the defendants moved for summary judgment, claiming, inter alia, that the accident was not the result of any breach of a duty on their part.

The defendants established their prima facie entitlement to summary judgment (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). The evidence submitted by the defendants, including the plaintiff's deposition testimony and that of the bus driver, established that the defendants did not breach a duty owed to the plaintiff since, under the weather conditions which existed at the time of the accident, "[i]t would be unreasonable to expect the defendant[s] to constantly clean the floor[s] of [their] buses" (*Spooner v New York City Tr. Auth.*, 298 AD2d 575, 575-576 [2002]; *see Hussein v New York City Tr. Auth.*, 266 AD2d 146, 146-147 [1999]). The evidence submitted by the plaintiff in opposition to the motion failed to raise a triable issue of fact (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Indig v Finkelstein*, 23 NY2d 728, 729 [1968]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.