■ KIM L. et al., Respondents, v PORT JERVIS CITY SCHOOL DISTRICT, Appellant. [837 NYS2d 241]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated November 2, 2006, which denied its motion pursuant to CPLR 3211 to dismiss the complaint for failure to comply with General Municipal Law §§ 50-e and 50-h.

Ordered that the order is affirmed, with costs.

On November 16, 2004 the infant plaintiff, a fourth grade student at Hamilton Bicentennial Elementary School (hereinafter HBES), informed his mother, the plaintiff Kim L. (hereinafter the mother), that he had been sexually assaulted by another student in the boys' bathroom at HBES. On November 17, 2004 the mother and her husband, the infant plaintiff's father, met with the principal, vice-principal, and guidance counselor of HBES. At that time, the mother completed a document entitled "Sexual Harassment Formal Complaint Form." As a result of the infant plaintiff's disclosure, the mother arranged for him to see a therapist. The infant plaintiff, at some point after the original disclosure, informed his mother that the abuse began when he was in third grade and continued into the next school year.

In early February 2005 the plaintiffs served a notice of claim upon the defendant, Port Jervis City School District (hereinafter the School District), alleging, inter alia, that the infant plaintiff had been repeatedly assaulted at HBES by another student, identified as Jonathan H., with the last occurrence being on November 16, 2004. The notice of claim further alleged, among other things, that the School District knew of Jonathan H.'s history of misbehavior but nonetheless permitted him to have unsupervised contact with other students. In March 2005

the mother and her husband gave testimony pursuant to General Municipal Law § 50-h. The infant plaintiff testified in October 2005. The plaintiffs commenced this action against the School District in February 2006. In August 2006 the School District moved pursuant to CPLR 3211 to dismiss the complaint on the ground that the notice of claim did not meet the specificity requirements of General Municipal Law § 50-e (2) as to the dates, times, and locations of the alleged acts. The School District also asserted that the plaintiffs failed to comply with General Municipal Law § 50-h because they allegedly adjourned the infant plaintiff's testimony after it had already commenced and they failed to reschedule it for completion. The Supreme Court denied the School District's motion, finding that the notice of claim, combined with other evidence before the court, was adequate. We affirm.

The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the public corporation to investigate the allegations contained in the notice of claim (*see Rosenbaum v City of New York*, 8 NY3d 1, 10-11 [2006]). In determining whether there has been compliance with the requirements of General Municipal Law § 50-e (2), a court must focus on whether, based on the plaintiffs' description, the relevant authorities can locate the place, fix the time, and understand the nature of the occurrence (*see Brown v City of New York*, 95 NY2d 389, 393 [2000]; *Canelos v City of New York*, 37 AD3d 637, 637-638 [2007]). Whether or not the notice of claim is sufficient depends upon the circumstances of the case (*see Aviles v City of New York*, 202 AD2d 530, 531 [1994]), and the court, in making such a determination, may consider the testimony provided during a General Municipal Law § 50-h examination and any other evidence properly before the court (*see D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]; *Power v Manhattan & Bronx Surface Operating Auth.*, 16 AD3d 655, 655-656 [2005]).

General Municipal Law § 50-e (6) provides that "[a] mistake, omission, irregularity or defect" in the notice of claim may be "corrected, supplied or disregarded" in the court's discretion, provided that the mistake, omission, irregularity, or defect was made in good faith, and the public corporation was not prejudiced thereby (*see Canelos v City of New York, supra* at 638). Here, the mother's testimony, in combination with the sexual harassment formal complaint form, provided the School District with sufficient information to conduct a meaningful examination into the claim under the circumstances (*see D'Alessandro v New York City Tr. Auth., supra*; *Power v Manhat-*

*tan & Bronx Surface Operating Auth., supra*). Further, the record was devoid of any evidence of bad faith on the part of the plaintiffs or of prejudice to the School District. Accordingly, the Supreme Court providently exercised its discretion in denying the School District's motion to dismiss for failure to comply with General Municipal Law § 50-e (2).

Although not addressed by the Supreme Court, the second branch of the School District's motion, alleging the plaintiffs' failure to comply with General Municipal Law § 50-h, was also without merit. Contrary to the School District's assertions, the plaintiffs complied with General Municipal Law § 50-h. The infant plaintiff was in the midst of testifying when the School District's counsel halted the testimony to speak off the record with the plaintiffs' counsel. After returning to the record, the infant plaintiff's further testimony was adjourned. There is nothing in the record to indicate that the plaintiffs requested the adjournment or that it was their responsibility to reschedule. As an examination under General Municipal Law § 50-h is a right belonging to the public corporation after it has been presented with a notice of claim, logic dictates that, unless otherwise agreed between counsel, scheduling matters are the responsibility of the public corporation (*see* General Municipal Law § 50-h [1], [5]).

The remainder of the School District's contentions either are without merit or have been rendered academic in light of our determination. Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur.