■ HAZEL TRAINER, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [838 NYS2d 512]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered June 19, 2006, which granted defendant Transit Authority's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, age 77, allegedly sustained personal injuries while disembarking a bus that had stopped away from the curb and had not engaged its kneeling device. A common carrier does have a duty to afford departing passengers a safe place and means to alight (see e.g. Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d 106 [1987], affd 72 NY2d 888 [1988]). Under the circumstances presented, however, the bus stop was blocked by non-Transit Authority traffic, the street was in proper repair and did not present an inherent hazard, and plaintiff did not request that the bus be lowered, even though she perceived that it looked too far for her to step. In the absence of any evidence that plaintiff appeared incapable of negotiating the distance, there was no duty to lower the steps, and the stop away from the curb under these circumstances was not negligent (see Carlino v Triboro Coach Corp., 22 AD3d 624 [2005]).

Plaintiff's argument that summary judgment was premature is not persuasive; plaintiff has not shown that the items she continued to seek in discovery would bear on the issue of the Transit Authority's liability (see Karoon v New York City Tr. Auth., 241 AD2d 323 [1997]). Other than a general, conclusory allegation, plaintiff has not offered any reason to believe the driver's testimony would differ from her own testimony or what she hopes to uncover through further discovery.

We have considered plaintiff's other arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Williams, Gonzalez and Kavanagh, JJ.