■ ANA LOVATO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. (And a Third-Party Action.) [855 NYS2d 685]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered August 11, 2006, which, upon the denial of its motion pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case, made at the close of the plaintiff's case on the issue of liability, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, and upon a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sums of $200,000 for past pain and suffering and $800,000 for future pain and suffering, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, with costs, the motion pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case is granted, and the complaint is dismissed.

The plaintiff commenced this action based upon the allegation that she sprained her ankle when she stepped off a bus operated by the defendant New York City Transit Authority (hereinafter the defendant). According to the plaintiff, the defendant was negligent because she was required to disembark from the bus at a location where the surface of the street was raised and uneven. The case proceeded to trial on the issue of liability, and at the close of the plaintiff's case on the issue of liability, the defendant moved pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case. The Supreme Court denied the motion.

A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted only when, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may

properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Hand v Field*, 15 AD3d 542, 543 [2005] [internal quotation marks and citations omitted]). Contrary to the plaintiff's contention, viewing the facts in the light most favorable to her, the evidence adduced at trial was insufficient to establish a prima facie case of negligence against the defendant. The photograph submitted by the plaintiff of the area in question does not show a foreseeable hazard for which liability can be imposed (*see Engram v Manhattan & Bronx Surface Tr. Operating Auth.*, 190 AD2d 536 [1993]), and even if it did show such a hazard, the bus driver could not have observed it from his vantage point (*see Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 113 [1987], *affd* 72 NY2d 888 [1988]). Furthermore, the plaintiff failed to establish that the defendant's rules imposed a duty owed to her by the bus driver, as she did not introduce any testimony regarding industry standards and generally-accepted practices (*see Trainer v City of New York*, 41 AD3d 202 [2007]; *Carlino v Triboro Coach Corp.*, 22 AD3d 624 [2005]).

In light of the foregoing, the defendant's remaining contentions have been rendered academic. Lifson, J.P., Ritter, Angiolillo and Carni, JJ., concur.