LAWRENCE ROBINS, Respondent, v METROPOLITAN TRANSIT AUTHORITY et al., Appellants. [872 NYS2d 164]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Adams, J.), dated October 30, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff slipped and fell on a wet step as he was exiting the front of the defendants' bus. According to the plaintiff, rain had fallen overnight, but had stopped about an hour before the accident. Although the plaintiff alleges that the bottom step of the stairwell was worn, his accident occurred before he reached that step. The plaintiff commenced this action, alleging that his accident was caused by the defendants' negligent failure to maintain their bus in a safe manner. The defendants moved for summary judgment dismissing the complaint, contending, among other things, that they did not breach their duty of care. The Supreme Court denied the motion. We reverse.

The evidence submitted by the defendants, including the plaintiff's deposition testimony and that of the bus driver, established, prima facie, that the defendants did not breach a duty owed to the plaintiff since, under the weather conditions which existed at the time of the accident, "[i]t would be unreasonable to expect the defendant[s] to constantly clean the floor[s] of [their] buses" (*Spooner v New York City Tr. Auth.*, 298 AD2d 575, 575-576 [2002]; *see McKenzie v County of Westchester*, 38 AD3d 855, 856 [2007]). The defendants also established, prima facie, that the worn condition of the bottom step was not a proximate cause of the accident, which occurred before the plaintiff reached that step (*see Bohm v Town of Brookhaven*, 43 AD3d 454 [2007]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.