LISA SABELLA, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. (And Two Third-Party Actions.) [871 NYS2d 721]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority and Luis Gonzalez appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated October

10, 2007, as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff allegedly fractured her ankle while disembarking from a bus operated by the defendant New York City Transit Authority (hereinafter NYCTA) and driven by the defendant Luis Gonzalez (hereinafter together the appellants). The plaintiff alleged that the appellants negligently failed to provide her with a safe place to alight by not engaging the kneeling device, which lowers the steps on the bus. The appellants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court, among other things, denied that branch of the cross motion on the ground that the appellants' submissions indicated that the bus was either three inches or six inches from the curb and, thus, an issue of fact existed as to whether, in light of NYCTA policy and custom, the appellants were negligent in failing to lower the bus before the plaintiff disembarked. We reverse the order insofar as appealed from.

In his deposition testimony, Gonzalez stated that NYCTA policy requires drivers to lower the bus if it is stopped more than six inches from the curb or if the disembarking passenger appears to be disabled, is a senior citizen, or has a baby stroller. Here, the appellants submitted evidence showing that at the time of the subject accident, the bus was stopped no more than six inches from the curb. Moreover, there is no evidence that the plaintiff was disabled, a senior citizen, or had a stroller. The appellants also submitted evidence showing that the sidewalk where the bus stopped had no defect. Accordingly, the appellants established, prima facie, that they had no duty to lower the bus before the plaintiff disembarked (*see Lovato v New York City Tr. Auth.*, 50 AD3d 969 [2008]; *Trainer v City of New York*, 41 AD3d 202 [2007]; *Carlino v Triboro Coach Corp.*, 22 AD3d 624 [2005]) and that they provided the plaintiff with a safe place to disembark (*see Miller v Fernan*, 73 NY2d 844, 846 [1988]; *Tanzer v City of New York*, 41 AD3d 582 [2007]; *Brown v City of New York*, 250 AD2d 638, 639 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have awarded the appellants summary judgment dismissing the complaint insofar as asserted against

714

them. Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur. [*See* 2007 NY Slip Op 33261(U).]