■ GLADYS PARKER-CHERRY, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [878 NYS2d 790]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated May 1, 2008, which granted the defendant's motion to dismiss the complaint for the plaintiff's service of an insufficient notice of claim that was not in compliance with General Municipal Law § 50-e and Public Housing Law § 157 (2).

Ordered that the order is affirmed, with costs.

The test of the sufficiency of a notice of claim is whether the public entity is able to "locate the place, fix the time, and understand the nature of the accident" (*Canelos v City of New York,* 37 AD3d 637, 638 [2007]; *Palmieri v New York City Tr. Auth.,* 288 AD2d 361 [2001]). Upon a motion to dismiss an action on the ground that the notice of claim is insufficient, a court, in addition to examining the four corners of the notice of claim, may consider the testimony provided during an examination pursuant to General Municipal Law § 50-h, as well as any other evidence before it (*see D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891, 893 [1994]; *Power v Manhattan & Bronx Surface Operating Auth.,* 16 AD3d 655 [2005]; *Matter of Barrios v City of New York,* 300 AD2d 480, 481 [2002]).

In this case, the plaintiff's notice of claim alleged that she was walking down the stairs between the fourth and third floors of the defendant's building, when she was caused to fall after stepping upon a broken, uneven, cracked, and unrepaired step. Three months later, she testified at the hearing pursuant to General Municipal Law § 50-h that she slipped on a clear liquid on a step somewhere between the fifth and fourth floors. However, in her complaint, filed nine months after the hearing, the plaintiff again alleged that she fell on a broken step located between the fourth and third floors. In her opposition to the defendant's motion to dismiss the complaint, the plaintiff failed to resolve the contradiction, and failed to offer an affidavit or any other evidence to demonstrate exactly where or how she fell. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in granting the defendant's motion to dismiss the complaint. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.