RALPH LUKE, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants, et al., Defendant. [919 NYS2d 189]—

On December 24, 2001, the plaintiff allegedly was injured at the intersection of Empire Boulevard and Rogers Avenue in Brooklyn, while attempting to board a bus operated by the defendants Metropolitan Transportation Authority (hereinafter the MTA) and the New York City Transit Authority (hereinafter the NYCTA) (hereinafter together the defendants). In his notice of claim dated March 2002, the plaintiff alleged that he sustained injuries to his leg while attempting to board a No. 43 bus. On April 10, 2002, the plaintiff testified at an examination conducted pursuant to Public Authorities Law § 1276 (4) and § 1212 (5), inter alia, that while attempting to board, he slipped on the first step because the bus driver did not lower the bus. The plaintiff commenced this negligence action against the defendants and the bus operator identified as "John Doe," and issue was joined as to the MTA and the NYCTA in or around August 2003. Thereafter, the Supreme Court denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them with leave to renew upon the completion of discovery. We affirm.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them with leave to renew upon the completion of discovery. As a threshold matter, contrary to the defendants' contention that the notice of claim was defective for failing to state the manner in which the claim arose, the Supreme Court properly concluded that the plaintiff's testimony at the examination conducted pursuant to Public Authorities Law § 1276 (4) and § 1212 (5) supplemented the notice of claim. A notice of claim is sufficient if it includes information which enables the public corporation to investigate the allegations contained therein (*see Rosenbaum v City of New York*, 8 NY3d 1, 10-11 [2006]). In making a determination on the sufficiency of a notice of claim, a court must look to the circumstances of the case, and is not limited to the four corners of the notice of claim, but may consider the testimony provided during examination conducted pursuant to Public Authorities Law § 1276 (4) and § 1212 (5) and any other evidence properly before the court (*see D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]; *Parker-Cherry v New York City Hous. Auth.*, 62 AD3d 845, 846 [2009]; *Kim L. v Port Jervis City School Dist.*, 40 AD3d 1042, 1044 [2007]). Here, the plaintiff's testimony, which was given less than one month after the defendants were served with the notice of claim, adequately supplemented the notice of

claim, as it provided the defendants with sufficient information regarding the manner in which the claim arose to allow them to conduct a meaningful investigation into the claim (*see Summit at Pomona, Ltd. v Village of Pomona*, 72 AD3d 797, 799 [2010]; *Kim L. v Port Jervis City School Dist.*, 40 AD3d at 1044-1045).

Furthermore, while arguing that they were entitled to summary judgment dismissing the complaint insofar as asserted against them because they had no duty to lower the bus for boarding passengers, the defendants failed to submit any evidence in admissible form establishing that they had no such duty under the particular facts of this case (*cf. Sabella v City of New York*, 58 AD3d 712, 713 [2009]; *Santiago v New York City Tr. Auth.*, 69 AD3d 530 [2010]; *Trainer v City of New York*, 41 AD3d 202 [2007]). Instead, they merely pointed to perceived gaps in the plaintiff's case which, in the absence of discovery, consisted only of the testimony he gave at the examination conducted pursuant to Public Authorities Law § 1276 (4) and § 1212 (5) and were insufficient to satisfy the defendants' initial burden on their motion for summary judgment (*see Plotits v Houaphing D. Chaou, LLC*, 81 AD3d 620 [2011]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, this Court need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.