■ Bruce M. Kasper et al., Appellants, v Metropolitan Transportation Authority Long Island Bus, Respondent. [935 NYS2d 645]—

A common carrier owes a duty to a passenger to provide a reasonably safe place to board and disembark its vehicle (*see* PJI 2:166; *Smith v Sherwood*, 16 NY3d 130, 133 [2011]; *Dobrowolski v City of New York*, 29 AD3d 937 [2006]). To a disabled passenger, a common carrier has a duty to use such additional care or to render such aid for his or her safety and welfare as is reasonably required by the passenger's disability and the existing circumstances, provided that the common carrier's employees knew or should reasonably have known of the passenger's disability (*see* PJI 2:162; *Kelleher v F.M.E. Auto Leasing Corp.*, 192 AD2d 581, 584 [1993]).

Here, the defendant satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law (*see Santiago v New York City Tr. Auth.*, 69 AD3d 530 [2010]; *Trainer v City of New York*, 41 AD3d 202 [2007]). The defendant demonstrated that it did not owe an additional duty to the decedent, as its driver did not know, nor should he have reasonably known, of any disability that required him to render reasonable, additional assistance to her in boarding the bus. According to her son's deposition testimony, the decedent was "very healthy" and "unusually active for her age." She "loved to walk," sometimes walking up to two miles to shop at a supermarket. About once a week, the decedent would go dancing, as she did on the day of her accident. Pursuant to the defendant's policy, a bus driver would only assist wheelchair-bound passengers and ambulatory passengers who requested assistance at the time of boarding in getting on the bus. The decedent, however, did not request the assistance of the defendant's driver.

In opposition to this prima facie showing, the plaintiffs failed to raise a triable issue of fact. The plaintiffs failed to present any evidence that the defendant's policy of assisting only ambulatory passengers who requested assistance in getting on the bus was outside generally accepted industry standards (*see Lovato v New York City Tr. Auth.*, 50 AD3d 969, 971 [2008]; *Carlino v Triboro Coach Corp.*, 22 AD3d 624, 625 [2005]). Further, the plaintiffs were not entitled to rely on the *Noseworthy*

doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]). The *Noseworthy* doctrine would not relieve the plaintiffs of the obligation to provide some proof from which negligence could reasonably be inferred (*see Aguilar v Anthony*, 80 AD3d 544, 546 [2011]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.