The plaintiff allegedly slipped and fell on a wet, “slushy” step as she was exiting the front door of a bus operated by an employee of the defendant New York City Transit Authority (hereinafter the NYCTA). It is undisputed that the accident occurred during an ongoing snowstorm.
The plaintiff commenced the instant action to recover damages for personal injuries allegedly sustained by her. Thereafter, the NYCTA moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied that branch of the NYCTA’s motion.
Initially, we take this opportunity to clarify the NYCTA’s duty of care under the circumstances presented herein. “[A] common carrier is subject to the same duty of care as any other potential *853 tortfeasor — reasonable care under all of the circumstances of the particular case” (Bethel v New York City Tr. Auth., 92 NY2d 348, 356 [1998] [emphasis added]). In this regard, the NYCTA does, in fact, have a duty to maintain its property in a reasonably safe condition, in view of all of the circumstances (see Basso v Miller, 40 NY2d 233, 241 [1976]).
Here, contrary to the Supreme Court’s determination, the NYCTA made a prima facie showing that it exercised reasonable care under the circumstances existing at the time of the accident and, in opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Under the particular circumstances of this case, including the inclement weather conditions which existed at the time of the accident, it would be unreasonable to expect the NYCTA to constantly clean the steps of the subject bus (see Rayford v County of Westchester, 59 AD3d 508, 509 [2009]; Robins v Metropolitan Tr. Auth., 58 AD3d 711 [2009]; McKenzie v County of Westchester, 38 AD3d 855, 856 [2007]). Accordingly, the Supreme Court should have granted that branch of the NYCTA’s motion which was for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.