In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Gavrin, J.), entered January 18, 2012, which denied its *882 motion pursuant to CPLR 3211 (a) to dismiss the complaint or, in the alternative, for summary judgment dismissing the complaint, on the ground that the plaintiff’s notice of claim failed to comply with General Municipal Law § 50-e (2), and granted the plaintiff’s cross motion for leave to amend his notice of claim.
Ordered that the order is affirmed, with costs.
A notice of claim must state “the time when, the place where and the manner in which the claim arose” (General Municipal Law § 50-e [2]; see Brown v City of New York, 95 NY2d 389, 393 [2000]). The purpose of the statutory notice of claim requirement is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available (see Teresta v City of New York, 304 NY 440, 443 [1952]; Palmer v Society for Seamen’s Children, 88 AD3d 970, 971 [2011]). “[I]n determining compliance with the requirements of General Municipal Law § 50-e, courts should focus on the purpose served by a Notice of Claim: whether based on the claimant’s description [the public corporation] can locate the place, fix the time and understand the nature of the accident” (Brown v City of New York, 95 NY2d at 393). “The requirements of the statute are met when the notice describes the accident with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim” (Palmer v Society for Seamen’s Children, 88 AD3d at 971; see Rosenbaum v City of New York, 8 NY3d 1, 10 [2006]). “Whether the notice of claim substantially complies with the requirements of the statute depends on the circumstances of each case” (Ingle v New York City Tr. Auth., 7 AD3d 574, 575 [2004]; see Schwartz v City of New York, 250 NY 332, 335 [1929]; Cyprien v New York City Tr. Auth., 243 AD2d 673, 674 [1997]; Levine v City of New York, 111 AD2d 785, 786 [1985]).
“A court may, in its discretion, grant an application for leave to amend a notice of claim where [a] mistake, omission, irregularity, or defect in the original notice was made in good faith, and it appears that the public corporation was not prejudiced thereby” (Roberson v New York City Hous. Auth., 89 AD3d 714, 715 [2011]; see General Municipal Law § 50-e [6]). Accordingly, in making a determination on the sufficiency of a notice of claim, a court’s inquiry is not limited to the four corners of the notice of claim, and it may consider the testimony provided during an examination conducted pursuant to General Municipal Law § 50-h and any other evidence properly before *883 the court (see D’Alessandro v New York City Tr. Auth., 83 NY2d 891, 893 [1994]; Luke v Metropolitan Transp. Auth., 82 AD3d 1055, 1056 [2011]; Power v Manhattan & Bronx Surface Operating Auth., 16 AD3d 655, 655-656 [2005]).
Here, the plaintiffs notice of claim alleged that he was injured when a bus owned and operated by the defendant New York City Transit Authority (hereinafter the Transit Authority) struck a hanging wire which caused the wire to strike the plaintiff as he stood in front of his residence. The plaintiffs notice of claim provided the exact date, location, and nature of the alleged incident. Although the notice of claim incorrectly stated that the incident occurred at approximately 2:00 p.m. rather than at 1:15 p.m., the record does not disclose that this error was a result of bad faith on the part of the plaintiff, or that the Transit Authority suffered any prejudice as a result of the error (see Delaney v Town of lslip, 63 AD3d 658, 660 [2009]; Kim L. v Port Jervis City School Dist., 40 AD3d 1042, 1044-1045 [2007]; Power v Manhattan & Bronx Surface Operating Auth., 16 AD3d at 656). Furthermore, although the plaintiff was not able to identify the bus with greater particularity, under the circumstances, the information contained in the notice of claim, supplemented by the testimony of the plaintiff given at the General Municipal Law § 50-h hearing, was sufficient to allow the Transit Authority to conduct a meaningful investigation into the plaintiffs claim (see Luke v Metropolitan Transp. Auth., 82 AD3d at 1056; Hudson v New York City Tr. Auth., 19 AD3d 648, 649 [2005]; Malcolm v City of New York, 2 AD3d 696, 697 [2003]). Accordingly, the Supreme Court properly denied the Transit Authority’s motion pursuant to CPLR 3211 (a) to dismiss the complaint or, in the alternative, for summary judgment dismissing the complaint, on the ground that the plaintiffs notice of claim failed to comply with General Municipal Law § 50-e (2), and providently exercised its discretion in granting the plaintiff’s cross motion for leave to amend his notice of claim. Eng, P.J., Rivera, Lott and Miller, JJ., concur.