■ MIRA SAIDOFF, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [963 NYS2d 157]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated July 18, 2011, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, who allegedly was injured when she stumbled upon boarding a bus operated by the New York City Transit

Authority, claimed that the bus driver was negligent in failing to engage the "kneeling device" to lower the steps.

A transit company owes a duty to a prospective boarding passenger to provide him or her with a reasonably safe, direct means of entrance onto the vehicle, clear of any dangerous obstruction or defect which would impede that entrance (*see Kasper v Metropolitan Transp. Auth. Long Is. Bus*, 90 AD3d 998, 999 [2011]; *cf. Dobrowolski v City of New York*, 29 AD3d 937 [2006]; *Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 111 [1987]). In support of that branch of the defendants' motion which was for summary judgment, they relied upon, inter alia, the plaintiff's deposition testimony. The plaintiff, who was 67 years of age at the time of the accident, testified that, before boarding the bus, which was stopped at the curb, she did not ask the driver to engage the kneeling device to lower the steps leading onto the bus. She admitted during her deposition that she merely misjudged the height of the bottom step. She testified that when she placed her foot on the bottom step, she thought that the bottom step was low, but it turned out to be higher than expected. Her testimony demonstrated that she did not appear unable to negotiate the height differential between the curb and the bottom step of the bus when the bus stopped at the curb and opened its doors. Based on the plaintiff's deposition testimony alone, the defendants established that they did not have a duty to engage the bus's kneeling device under the facts of this case (*see Kasper v Metropolitan Transp. Auth. Long Is. Bus*, 90 AD3d at 999; *Santiago v New York City Tr. Auth.*, 69 AD3d 530 [2010]; *Trainer v City of New York*, 41 AD3d 202 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants owed her such a duty (*cf. Atwell v New York City Tr. Auth.*, 94 AD3d 620 [2012]; *Carlino v Triboro Coach Corp.*, 22 AD3d 624, 625 [2005]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.