■ SHIRLEY KELLEY-TAFT, Respondent, v COUNTY OF WESTCHESTER et al., Appellants. [989 NYS2d 366]—

In an action to recover damages for personal injuries, the defendants County of Westchester, Liberty Lines Transit, Inc., and Liberty Lines Express, Inc., appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered September 4, 2013, which denied the motion of the defendants County of Westchester and Liberty Lines Transit, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal by the defendant Liberty Lines Express, Inc., is dismissed, as it is not aggrieved by the order (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants County of Westchester and Liberty Lines Transit, Inc., on the law, and the motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants County of Westchester and Liberty Lines Transit, Inc., payable by the plaintiff.

On January 20, 2009, at approximately 4:00 p.m., the plaintiff allegedly slipped and fell on a wet, snowy step as she was exiting the front door of a bus owned by the defendant County of Westchester and operated by the defendant Liberty Lines Tran-

sit, Inc. (hereinafter together the movants). The plaintiff testified at her examination pursuant to General Municipal Law § 50-h that there were approximately 12 inches of snow on the ground at the time of the accident.

The evidence submitted by the movants in support of their motion, including the plaintiff's 50-h hearing testimony, her deposition testimony, and the deposition testimony of the bus driver, established, prima facie, that the movants did not breach a duty owed to the plaintiff since, under the weather conditions which existed at the time of the accident, it would be unreasonable to expect the movants to constantly clean the front steps of the subject bus (*see Thomas v New York City Tr. Auth.*, 101 AD3d 852 [2012]; *Robins v Metropolitan Tr. Auth.*, 58 AD3d 711 [2009]; *McKenzie v County of Westchester*, 38 AD3d 855, 856 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have granted the movants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.