■ Samuel Batista, Respondent, v MTA Bus Company, Appellant. [13 NYS3d 144]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Lane, J.), dated December 17, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when he slipped and fell on the wet steps of the defendant's bus as he was exiting its front door. At his deposition, the plaintiff stated that it was snowing on the day of the accident, and that "lots of snow [had] accumulated everywhere." The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint.

"[A] common carrier is subject to the same duty of care as any other potential tortfeasor—reasonable care under all of the

circumstances of the particular case" (*Bethel v New York City Tr. Auth.*, 92 NY2d 348, 356 [1998]; *see Thomas v New York City Tr. Auth.*, 101 AD3d 852, 852-853 [2012]). Here, contrary to the Supreme Court's determination, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by showing that it did not breach any duty to the plaintiff under the circumstances that existed at the time of the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Kelley-Taft v County of Westchester*, 119 AD3d 842, 843 [2014]; *Thomas v New York City Tr. Auth.*, 101 AD3d at 853). Given the inclement weather conditions when the accident occurred, "it would be unreasonable to expect the [defendant] to constantly clean the steps of the subject bus" (*Thomas v New York City Tr. Auth.*, 101 AD3d at 853; *see Kelley-Taft v County of Westchester*, 119 AD3d at 842; *Rayford v County of Westchester*, 59 AD3d 508, 509 [2009]; *Robins v Metropolitan Tr. Auth.*, 58 AD3d 711 [2009]; *McKenzie v County of Westchester*, 38 AD3d 855, 856 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.