■ Maksuda Amin, Respondent, v County of Suffolk et al., Appellants, and Brendan T. Simmons, Respondent, et al., Defendant. [28 NYS3d 619]—

In an action to recover damages for personal injuries, the defendants County of Suffolk and Suffolk County Transit appeal from an order of the Supreme Court, Suffolk County (Farneti, J.), dated October 23, 2014, which denied their motion, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On August 16, 2011, the plaintiff allegedly was disembarking from a bus owned and operated by the defendants County of Suffolk and Suffolk County Transit (hereinafter together the County defendants) when she was stuck by a motorcycle owned and operated by the defendant Brendan T. Simmons. The

Supreme Court denied the County defendants' motion, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

"[A] common carrier is subject to the same duty of care as any other potential tortfeasor—reasonable care under all of the circumstances of the particular case" (*Bethel v New York City Tr. Auth.*, 92 NY2d 348, 356 [1998]; *see Batista v MTA Bus Co.*, 129 AD3d 1003, 1003-1004 [2015]; *Thomas v New York City Tr. Auth.*, 101 AD3d 852, 852-853 [2012]; *Kadymir v New York City Tr. Auth.*, 55 AD3d 549, 550-551 [2008]). A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area (*see Smith v Sherwood*, 16 NY3d 130, 133 [2011]; *Miller v Fernan*, 73 NY2d 844, 846 [1988]; *Fagan v Atlantic Coast Line R.R. Co.*, 220 NY 301, 306-307 [1917]; *Barravecchio v New York City Tr. Auth.*, 83 AD3d 630, 632 [2011]). Here, in support of their motion for summary judgment, the County defendants failed to submit evidence sufficient to establish, prima facie, that they satisfied this duty (*see Ajayi v New York City Tr. Auth.*, 28 AD3d 502 [2006]; *see also Pryce v County of Suffolk*, 55 AD3d 894 [2008]). Since they failed to establish their prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The remaining contention of the County defendants is without merit.

Accordingly, the Supreme Court properly denied the County defendants' motion in its entirety. Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.