■ ROSALINDA HOUSTON, as Administratrix of the Estate of THELMA HOUSTON, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants. [39 NYS3d 245]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority, G.T.J. Company, Inc., and Transit Facility Management Corp., doing business

as TFM Paratransit, appeal from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated May 14, 2014, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Thelma Houston (hereinafter the decedent) commenced this action to recover damages for personal injuries allegedly sustained when she fell from a motorized wheelchair/scooter (hereinafter the scooter) while inside a parked Access-A-Ride vehicle owned by the defendant New York City Transit Authority and operated by the defendants G.T.J. Company, Inc., and Transit Facility Management Corp., doing business as TFM Paratransit. The decedent died from unrelated causes while this action was pending in the Supreme Court, and the administrator of her estate was substituted as the plaintiff.

The defendants New York City Transit Authority, G.T.J. Company, Inc., and Transit Facility Management Corp., doing business as TFM Paratransit (hereinafter collectively the defendants), moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that they were not at fault in the happening of the decedent's fall. Among other things, the defendants argued that the driver of the Access-A-Ride vehicle exercised reasonable care while assisting the decedent in boarding the vehicle with her scooter and, after the decedent was inside the parked vehicle, she lost her balance while independently operating the scooter. In opposition, the plaintiff argued, inter alia, that the Access-A-Ride driver failed to utilize proper procedures while assisting the decedent in boarding the vehicle, and that the vehicle's motorized lift was malfunctioning at the time of the accident.

The Supreme Court denied the defendants' motion for summary judgment, based on its finding that "issues of fact exist as to whether the [driver] followed Access-A-Ride procedures in instructing [the decedent] on how to exit the lift on her motorized wheelchair which preclude granting summary judgment." The defendants appeal, and we affirm.

"[A] common carrier is subject to the same duty of care as any other potential tortfeasor—reasonable care under all of the circumstances of the particular case" (*Bethel v New York City Tr. Auth.*, 92 NY2d 348, 356 [1998]; *see Amin v County of Suffolk*, 138 AD3d 901, 902 [2016]; *Thomas v New York City Tr. Auth.*, 101 AD3d 852, 853 [2012]). With respect to a passenger with a disability, a common carrier has a duty to use such care or to give such assistance for his or her safety and welfare as is

reasonably required by the passenger's disability and the existing circumstances, provided that the carrier's employee knew or should reasonably have known of the passenger's disability (*see Raines v Manhattan & Bronx Surface Tr. Operating Auth.*, 116 AD3d 606, 606 [2014]; *Lewis v New York City Tr. Auth.*, 100 AD3d 554, 555 [2012]; *Kasper v Metropolitan Transp. Auth. Long Is. Bus*, 90 AD3d 998, 999 [2011]; *see also* PJI 2:162; *Cunningham v Vincent*, 234 AD2d 648, 651 [1996]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the Access-A-Ride driver used a lift to raise the decedent and her scooter up to the entrance of the vehicle without incident, the decedent independently operated her scooter to ambulate off of the lift and into the vehicle, and thereafter the decedent "somehow" lost her balance while the driver was outside of the vehicle folding the lift. The decedent herself admitted that she did not "know what happened" to cause her fall.

Contrary to the plaintiff's contention, she failed to raise a triable issue of fact as to whether the accident was caused by any malfunction with respect to the lift. However, the Supreme Court properly determined that the plaintiff raised a triable issue of fact as to whether the Access-A-Ride driver exercised reasonable care and followed the proper procedures with respect to assisting or supervising the decedent after she was inside the vehicle and ambulating towards the location where her scooter would be secured prior to the vehicle's departure (*cf. Kasper v Metropolitan Transp. Auth. Long Is. Bus*, 90 AD3d at 999-1000).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.