■ PATSY ANN HARBISON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendant. [48 NYS3d 354]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about January 25, 2016, which denied defendants-appellants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff testified that she slipped and fell as she was exiting a bus owned and operated by defendants because the step was covered with a slushy condition. She and the bus driver both stated that there was snow all over the ground from a storm that had ended earlier that day, and certified meteorological records submitted by defendants demonstrated that a snow storm that started the previous night and ended earlier in the day of the accident had left about six inches of snow on the ground. The bus driver also testified that passengers tracked snow onto the bus on their shoes and boots as they boarded.

Common carriers are not obligated to provide a "constant remedy" for the tracking of water onto a bus during an ongoing storm or for a reasonable time thereafter (*Byrne v New York City Tr. Auth.*, 78 AD3d 525, 525 [1st Dept 2010]; *see Solazzo v New York City Tr. Auth.*, 21 AD3d 735 [1st Dept 2005], *affd* 6 NY3d 734 [2005]). Similarly, when the ground is covered with snow left by a recent storm, "it would be unreasonable to expect the [defendants] to constantly clean the front steps of the subject bus" (*Kelley-Taft v County of Westchester*, 119 AD3d 842, 843 [2d Dept 2014]; *see McKenzie v County of Westchester*, 38 AD3d 855 [2d Dept 2007]). Plaintiff's argument that defendants failed to show lack of notice of the slushy condition is irrelevant, since they did not breach any duty of care under the existing weather conditions. Moreover, plaintiff did not present evidence sufficient to raise a triable issue of fact since her meteorological expert agreed that the condition on the bus steps resulted from the six inches of snow left on the ground by the storm that had ended several hours before the happening of the accident. Concur—Renwick, J.P., Mazzarelli, Moskowitz, Kapnick and Webber, JJ.