Revella v Metro N. Commuter R.R. (2019 NY Slip Op 03546)





Revella v Metro N. Commuter R.R.


2019 NY Slip Op 03546


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


9234 114967/10

[*1]Brenda Revella, Plaintiff-Appellant,
v
Metro North Commuter Railroad, et al., Defendants-Respondents.


Philip J. Dinhofer, Rockville Centre, for appellant.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered January 10, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that she was injured disembarking a train, when she slipped and fell on ice that was on the platform. The complaint was properly dismissed as against defendant Metropolitan Transportation Authority since " [i]t is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility'" (Delacruz v Metropolitan Transp. Auth., 45 AD3d 482, 483 [1st Dept 2007], quoting Cusick v Lutheran Med. Ctr., 105 AD2d 681, 681 [2d Dept 1984]; see Noonan v Long Is. R.R., 158 AD2d 392 [1st Dept 1990]).
In any event, the action was properly dismissed as against both defendants since plaintiff's testimony, as well as certified meteorological records, established prima facie that plaintiff fell during an ongoing storm. In opposition, plaintiff failed to raise an issue of fact that the complained of icy platform condition was due to other than the freezing rain that was falling at the time that she was injured (see Harbison v New York City Tr. Auth., 147 AD3d 693 (1st Dept 2017]; Solazzo v New York City Tr. Auth., 21 AD3d 735 [1st Dept 2005], affd 6 NY3d 734 [2005]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK